IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| BRET BRAY, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>LATHEM TIME CO.,<br><br>       Defendant. | Case No. 1:22-cv-01748-JPB<br><br>Judge J. P. Boulee |

**DEFENDANT LATHEM TIME CORP.'S
RULE 12(B)(6) MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Lathem Time Corporation[1] ("Lathem") hereby moves to dismiss the Class Action Complaint (the "Complaint") of Plaintiff Bret Bray ("Bray"), and in support thereof states:

1. This is a putative class action lawsuit for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

2. Bray alleges that his former employer, Hixson Lumber Sales of Illinois, Inc. ("Hixson"), required him to use Lathem facial-recognition technology on a timekeeping device, and that *Lathem* – with which he has no relationship – violated

---

[1] The Complaint incorrectly identifies Lathem Time Corporation as a company.

{10380674: }

BIPA by collecting and storing his biometric data without giving the notices and obtaining the consents required by that statute.

3. Bray seeks to pursue these claims for himself and on behalf of any individual working in Illinois who supposedly had their facial geometries collected, captured, received, or stored by Lathem, regardless of where they worked.

4. However, Bray's claims fail as a matter of law because he unconditionally – and unambiguously – released any claims he may have against Lathem when he settled a separate BIPA class action lawsuit against Hixson last year. His Complaint therefore should be dismissed with prejudice.

5. Even if not for that threshold issue, Bray fails to state a claim against Lathem for the alleged collection of his biometrics. Accordingly, even if Bray had not released his claims against Lathem, this Court should dismiss Bray's claim related to the alleged collection of his biometric data.

6. The grounds supporting this Motion are set forth more fully in Lathem's accompanying Memorandum of Law, filed contemporaneously herewith.

WHEREFORE, Lathem respectfully requests that this Court dismiss Bray's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons stated herein and fully explained in the supporting brief.

Respectfully submitted this 24th day of May, 2022.

                                  Respectfully submitted,

                                  **LATHEM TIME CORP.**

                                  */s/ Christopher G. Dean*
                                  One of its attorneys

                                  Christopher G. Dean (admitted *pro hac vice*)
                                  McDonald Hopkins LLC
                                  600 Superior Ave., E, Ste. 2100
                                  Cleveland, Ohio 44114
                                  Tel: (216) 348-5400
                                  *cdean@mcdonaldhopkins.com*

                                  Nick P. Panayotopoulos
                                  Georgia Bar No. 560679
                                  Weinberg, Wheeler, Hudgins,
                                  Gunn & Dial, LLC
                                  3344 Peachtree Road, NE, Suite 2400
                                  Atlanta, Georgia 30326
                                  Tel: (404) 876-2700
                                  Fax: (404) 875-9433
                                  *npanayo@wwhgd.com*

                                  *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing by electronically filing the same with the Court via the CM/ECF system, which will provide notice to all counsel of record.

Respectfully submitted this 24th day of May, 2022.

*/s/ Christopher G. Dean*

{10380674: }